UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CARMELLA BUCCAFUSCO,

                Plaintiff,

    -against-

RESORTS CASINO HOTEL ATLANTIC CITY,

                Defendant.
-------------------------------------------------------------x

                              **ORDER**
                         20-CV-5687 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

        On November 23, 2020, Defendant Resorts Casino Hotel Atlantic City removed this case from Kings County Supreme Court.  (Dkt. 1.)  On November 30, 2020, Defendant filed a request for a pre-motion conference seeking to file a motion to transfer this action to the District of New Jersey for improper venue.  (Dkt. 7.)  Plaintiff Carmella Buccafusco did not respond to the letter within seven days as required under the Court's Individual Rules,[1] and failed to file a response even after two *sua sponte* extensions from the Court, the latter of which construed the pre-motion conference request as a motion to transfer and noted that Plaintiff could be subject to sanctions for failure to respond to the Court's Order.  (*See* 12/8/20 Dkt. Entry; 12/18/20 Dkt. Entry.)  On January 5, 2021, following Plaintiff's second failure to respond, the Court deemed Defendant's motion unopposed.

        The Court now grants Defendant's motion to transfer venue.  Defendant makes two arguments as to why such transfer is appropriate: first, that venue is improper in the Eastern District of New York pursuant to 28 U.S.C. §1391 because Defendant does not reside in New York and because the events giving rise to the claim occurred in New Jersey, and second, that even if venue

---

[1] Because Plaintiff is represented by counsel, she is subject to the seven-day response requirement under the Court's Individual Rules.  *See* Chen Individual Practices & Rules, § 3.A.

is proper in this district, transfer to the District of New Jersey is appropriate for the convenience of parties and is in the interests of justice, pursuant to 28 U.S.C. § 1404.  (Dkt. 7, at 1–3.)

28 U.S.C. § 1391(b) provides that a civil suit may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  28 U.S.C. §1391(c) further provides that "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]"  *Id.* §1391(c).

It is clear from the face of the complaint in this matter that the events giving rise to this case, namely, Plaintiff's slip-and-fall on Defendant's premises, took place in Atlantic City, which is located in the District of New Jersey.  (Complaint, Dkt. 1-2, ¶¶ 2–4, 10.)  Thus, venue in this district may not be found on the basis of 28 U.S.C. § 1391(b)(2).  As to the remaining prongs of 28 U.S.C. § 1391(b), Defendant argues that venue is improper because Defendant is not subject to personal jurisdiction within New York and thus does not "reside" here, as it is a "New Jersey Limited Liability Company with [its] principal place of business[2] in New Jersey."  (Dkt. 7, at 2–3; *see also* Complaint, Dkt. 1-2, ¶¶ 2–6.)

The Court need not, and does not, determine whether Defendant is amenable to suit in this district based on application of New York's long-arm statute, however, because even if venue were

---

[2] The Complaint does not state where Defendant's primary place of business is, but notes that it both owns and holds the lease for the premises at issue, and is licensed to conduct business in both New Jersey and New York.  (Complaint, Dkt. 1-2, ¶¶ 2–3, 5–7.)

appropriate in this district, a transfer of venue would still be the best course of action in this case.

Title 28 of the United States Code, Section 1404(a) provides that:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).  Under this statute, transfer is appropriate where (1) the plaintiff could have originally brought the case in the transferee forum, and (2) the balance of convenience and justice favors transfer.  *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc*., 599 F.3d 102, 112 (2d Cir. 2010).  Here, this case could properly have been brought in the District of New Jersey as the events at issue in the case took place there, *see Vibe Ener v. Korangy Publ'g, Inc.*, No. 20-CV-815 (PKC) (LB), 2020 WL 1975394, at *1 (E.D.N.Y. Apr. 24, 2020) (citing 28 U.S.C. § 1391(b)(2)), and, as Defendant notes, the District of New Jersey is more convenient for Defendant's employees, who are the likely witnesses in the case (*see* Dkt. 7, at 3).  Additionally, Plaintiff's failure to oppose the transfer, despite her multiple opportunities to do so, suggests that, in effect, "all parties have consented" to the transfer to the District of New Jersey.  28 U.S.C. § 1404(a).

    For the reasons stated above, the Clerk of Court is respectfully directed to transfer this case to the District of New Jersey.  The provision of Rule 83.1 of the Local Rules of the Eastern District of New York, which requires a seven-day stay of an order transferring venue, is waived.  Upon the transfer of the case, the Clerk of Court is respectfully directed to mark this case as closed.

                                        SO ORDERED.


                                        */s/ Pamela K. Chen*
                                        Pamela K. Chen
                                        United States District Judge

Dated: January 6, 2021
        Brooklyn, New York